UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

AYISHA LONG,

                              PLAINTIFF,

    -AGAINST-

NEW YORK CITY, POLICE OFFICER ANGEL
VAZQUEZ and CAPTAIN CHRISTOPHER ZAFFIRO,
individually, and in their capacity as members of the New
York City Park Police Department,

                            DEFENDANTS.

**THIRD AMENDED COMPLAINT**

**14-CV-9908 (VEC)**

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. This is a civil action in which plaintiff, Ms. Ayisha Long ("Ms. Long"), seeks relief for the violation of her rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about September 16, 2014, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Ms. Long to *inter alia* excessive force and false arrest.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Ms. Long, is a United States citizen and at all times here relevant resided at 1798 East 174th Street, Second Floor Apartment, Bronx, NY 10472.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Angel Vazquez ("PO Vazquez") and Captain Christopher Zaffiro ("Cpt. Zaffiro") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, Defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Ms. Long is 45 years old and works at All City Management at Hunts point in the Bronx, New York.

11. On or about September 16, 2014, at approximately 7:30 pm, Ms. Long was at home and went to answer her doorbell.

12. Ms. Long opened her front door to Mr. Jerel Williams, a friend of her son Sidney.

13. Ms. Long observed Sidney with a number of police officers, including PO Vasquez, in the park across the street.

14. Ms. Long ran over the street dressed only in her pajamas and in bare feet.

15. Ms. Long informed the police officers that she is Sidney's mother.

16. One of the police officers asked Ms. Long to calm Sidney down.

17. Ms. Long spoke to Sidney and tried to calm him down.

18. The police officers then took Sidney to the ground.

19. Ms. Long knelt down beside Sidney and again told him to stay calm.

20. At some point Cpt. Zaffiro arrived on the scene.

21. Cpt. Zaffiro grabbed Ms. Long from behind and forced her arms behind her head.

22. Cpt. Zaffiro then forced Ms. Long against a metal gate.

23. One of the police officers handcuffed Ms. Long behind her back.

24. The handcuffs were extremely tight and caused Ms. Long severe pain.

25. Ms. Long repeatedly asked the police officers, including PO Vasquez and Cpt. Zaffiro, to loosen the handcuffs, but they refused her requests.

26. Ms. Long was put in the back of a police car.

27. Ms. Long had to ask a neighbor to look after her 8-year-old daughter, who was back in her apartment.

28. Ms. Long was taken to the 41st Precinct and held in a cell wearing only her pajamas and in bare feet.

29. Ms. Long was freezing cold in the cell.

30. The handcuffs were removed from Ms. Long at the precinct.

31. Ms. Long asked to make a phone call to check on her daughter and one of the police officers gave Ms. Long his own cell phone to make the call.

32. After several hours Ms. Long was transferred to Central Bookings.

33. An officer taped a pair of disposable shoes to Ms. Long's feet.

34. Ms. Long was charged with Disorderly Conduct and released from Central Booking at approximately 11:30 am on September 17, 2014.

35. Ms. Long had to return to court, at which time all charges were Adjourned Contemplating Dismissal.

36. Ms. Long continues to feel traumatized by the events of September 16, 2014, and is wary and fearful when she sees police officers.

37. Ms. Long suffered physical injuries as a result of the incident.

38. Mr. Long has suffered a great deal following the incident and continues to feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety and physical pain.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest – against PO Vazquez and Cpt. Zaffiro)

39. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

40. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

41. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by Defendants.

42. Defendants confined Plaintiff.

43. Plaintiff was aware of, and did not consent to, her confinement.

44. The confinement was not privileged.

45. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force – against PO Vazquez and Cpt. Zaffiro)

46. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

47. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

48. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

49. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial – against PO Vazquez)

50. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

51. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

52. Defendants have deprived plaintiff of her right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

53. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiff suffering a deprivation of liberty and a violation of her rights.

54. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

55. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against Defendants together with costs and disbursements as follows:

> In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of Plaintiff's causes of action;
>
> Awarding Plaintiff punitive damages in an amount to be determined by a jury;

Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 11, 2016

By: _____/S/_____
Malcolm Anderson (MA 4852)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075