UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
AYISHA LONG,                                                   :
                                                               :
                              Plaintiff,        :
                                                               :
              -against-                                   :
                                                               :
NEW YORK CITY, POLICE OFFICER ANGEL                            :
VAZQUEZ and CAPTAIN CHRISTOPHER                                :
ZAFFIRO, individually and in their capacity as                 :
members of the New York City Park Police                       :
Department,                                                    :
                                                               :
                              Defendants.       :
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/16

14-CV-9908 (VEC)

MEMORANDUM
OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

      Plaintiff Ayisha Long has asserted federal civil rights claims against the City of New York and New York City Police Department ("NYPD") Officer Angel Vazquez and Captain Christopher Zaffiro[1] (collectively, "Defendants"). Now pending before the Court is Defendants' Motion for Summary Judgment (the "Motion"). For the reasons set forth below, Defendants' Motion is DENIED.

## BACKGROUND

      On September 16, 2014, three uniformed NYPD Officers, Defendant Vazquez and non-parties Jamie Roscino and Ralph Gurr, observed non-party Sidney Long smoking a marijuana cigarette. Defs.' 56.1 Stmt. ¶¶ 9, 14, 19-20 (Dkt. 59). The officers approached Sidney and attempted to arrest him. *Id.* at ¶¶ 24-27. Sidney resisted, *id.* at ¶ 28, and yelled for his friend, non-party Jerel Williams, to get Sidney's mother, Plaintiff Ayisha Long, *id.* at ¶¶ 12, 29.

---

[1]     At the time of the events at issue, Captain Zaffiro was a lieutenant.

Vazquez called for backup, *id.* at ¶ 31, and Zaffiro and "many other[s]" responded, such that the "whole street was covered with officers," *id.* at ¶¶ 44, 53-54, 64.

Plaintiff arrived to see her son struggling with the officers. *Id.* at ¶ 32. She yelled, "that's my son, that's my son." *Id.* at ¶ 34. Officer Gurr asked Plaintiff to tell her son to stop resisting arrest. *Id.* at ¶ 35. Plaintiff knelt over Sidney, who was then on the ground, and put her hand over his mouth. *Id.* at ¶ 38. Defendants claim Vazquez, Roscino, and Gurr each told Plaintiff to step back. *Id.* at ¶¶ 33, 41-42. Plaintiff contends that the officers, who had asked for her help to calm her son, never asked her to step back. Pl.'s 56.1 Stmt. ¶¶ 33, 41-42 (Dkt. 62).[2] Defendants claim that Plaintiff grabbed Sidney's upper body, hugging him so tightly that the police could not arrest him, Defs.' 56.1 Stmt. ¶¶ 36, 48, 50; Plaintiff maintains she did not physically touch Sidney other than to put her hand over his mouth, Pl.'s 56.1 Stmt. ¶¶ 36, 48, 50. Zaffiro testified that he ordered Plaintiff to release her son, Defs.' 56.1 Stmt. ¶ 51, and that he attempted to pull her off of Sidney but was unable to do so, *id.* at ¶ 52. Plaintiff contests this. Pl.'s 56.1 Stmt. ¶¶ 51-52. Plaintiff was grabbed from behind, lifted up, held with her hands behind her back, and pushed against a gate. Defs.' 56.1 Stmt. ¶¶ 55, 57-59. Sidney observed that the individual who grabbed Plaintiff was wearing a white shirt. Pl.'s 56.1 Stmt. ¶ 97.

---

[2]   Plaintiff failed to comply with Local Rule 56.1, which requires each contested fact to be noted in a numbered paragraph corresponding to the paragraph in the movant's 56.1 statement, all additional facts to be stated in separately numbered paragraphs, and all contested and additional facts to be supported by citations to admissible evidence. Local Civ. R. 56.1(b)-(d). Plaintiff instead has noted contested facts within the same paragraphs in which Defendants assert them and at times has incorporated new factual allegations into the "contested" sections. *See, e.g.*, Pl.'s 56.1 Stmt. at ¶ 85. Although improper, the Court will consider Plaintiff's facts when they are supported by citations to admissible evidence in the record. *Cf. Deluca v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*, No. 06 CIV. 5474 (JGK), 2008 WL 857492, at *6 (S.D.N.Y. Mar. 31, 2008) (declining to consider facts in plaintiff's 56.1(b) statement that were not supported by admissible evidence).

   Plaintiff's counsel is cautioned that further noncompliance with the rules of the Court will not be countenanced.

Zaffiro's uniform included a white shirt. Defs.' 56.1 Stmt. ¶ 15.[3] Plaintiff sustained bruises on both arms and a cut on her forearm from the gate. *Id.* at ¶ 81.

Plaintiff was handcuffed, but she does not know which officer handcuffed her. Pl.'s 56.1 Stmt. ¶ 61. Defendants assert Vazquez handcuffed Plaintiff, Defs.' 56.1 Stmt. ¶ 66, but Vazquez denied doing so, Pl.'s 56.1 Stmt. ¶ 66; Declaration of Suzanne E. Aribakan in Supp. of Defs.' Mot. ("Aribakan Decl.") Ex. F, at 56:6-24 (Dkt. 60). Zaffiro does not recall whether he handcuffed Plaintiff. Aribakan Decl. Ex. I, at 65:3-66:3. Plaintiff complained that the handcuffs were too tight to the officer who handcuffed her, Pl.'s 56.1 Stmt. ¶¶ 70-71, to the unidentified officers who transported her to the precinct, *id.* at ¶ 69, and again at the precinct to Vazquez and another officer, *id.* at ¶ 72. The handcuffs cut Plaintiff's wrist, *id.* at ¶ 81, which she claims left scars, *id.* at ¶ 85.[4] She did not seek or receive medical treatment for any of her injuries. Defs.' 56.1 Stmt. ¶¶ 82-84.

At the precinct, Vazquez processed Plaintiff's arrest. *Id.* at ¶ 76. In the arrest report, Vazquez listed Obstructing Governmental Administration ("OGA") in the Second Degree in violation of N.Y.P.L. § 195.05 and Disorderly Conduct, Creating a Hazardous Condition in violation of N.Y.P.L. § 240.20(7) as the charges against Plaintiff. *Id.* at ¶ 79. Vazquez signed the Criminal Complaint, which charged Plaintiff with OGA in the Second Degree and

---

[3]  Vazquez, Roscino, and Gurr were also in uniform, but they wore blue shirts. *See* Defs.' 56.1 Stmt. ¶ 14. It is unclear from the record whether any of the other responding officers, aside from Zaffiro, wore a white shirt.

[4]  Plaintiff cites to photographs in support of her claim that the handcuffs were so tight that they resulted in scarring. The photographs submitted as part of the summary judgment motion are not properly authenticated—specifically, the declaration attempting to authenticate the photos does not specify when they were taken. *See* Anderson Decl. ¶¶ 3-8 (Dkt. 64). "[A] party is not required to authenticate documents on a summary judgment motion where . . . authenticity is not challenged by the other party," *Daniel v. UnumProvident Corp.*, 261 F. App'x 316, 319 (2d Cir. 2008) (citation omitted), and, in this case, Defendants challenge only the lack of proper authentication, not the authenticity *per se*. *See* Defs.' Reply Mem. 4 (Dkt. 65). The Court does not need not rule on the admissibility of the photographs at this time; the evidence Plaintiff seeks to admit, *i.e.* whether she has permanent scarring on her wrists, would be admissible in another form. The jury is capable of looking at Plaintiff's wrists during the trial to make its own judgment whether she bears the scars of too-tight handcuffs. In addition, Plaintiff could admit properly authenticated photographs during trial. To the extent Defendants believe that Plaintiff's photographic evidence is inadmissible, they may make a motion in limine to exclude the evidence.

Harassment in the Second Degree, and which stated that Plaintiff "pushed PO Gurr." *Id.* at ¶¶ 88-90.  Plaintiff was held overnight, was arraigned and accepted an Adjournment in Contemplation of Dismissal in satisfaction of the charges.  Defs.' 56.1 Stmt. ¶¶ 91-92.  She was released by approximately 11:30 am on September 17, 2014.  Third Amended Compl. ¶ 34 (Dkt. 55).

Plaintiff initiated this lawsuit on December 16, 2014, and amended her complaint three times to add and withdraw defendants as she learned their identities and roles in the incident. Defs.' 56.1 Stmt. ¶¶ 93-96.  Pursuant to 42 U.S.C. § 1983, Plaintiff brings claims for false arrest, excessive force, and denial of right to a fair trial on the basis that Defendants fabricated evidence.  On March 4, 2016, Defendants moved for summary judgment.  Dkt. 57.

## DISCUSSION

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (quoting Fed. R. Civ. P. 56(c)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Courts "construe the facts in the light most favorable to the non-moving party and resolve all ambiguities and draw all reasonable inferences against the movant."  *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (per curiam) (internal quotations and citations omitted); *see also Celotex*, 477 U.S. at 330 n.2.

**I.     There Are Genuine Disputes of Material Fact As to All of Plaintiff's Claims**

An extended discussion of the arguments surrounding Defendants' Motion is not necessary as there are obvious questions of fact that must be resolved by a jury.  At a minimum,

resolving all ambiguities and drawing all reasonable inferences against Defendants, the following questions of fact exist:

1. Did any of the officers tell Plaintiff to step back or stay away during the course of Sidney's arrest?
2. Did Plaintiff push Officer Gurr?
3. Who handcuffed Plaintiff?
4. Did Zaffiro lift Plaintiff, hold her arms, and push her against the gate?
5. Was the force used in arresting Plaintiff, *i.e.* lifting her, holding her arms, and pushing her against the gate, reasonable?
6. To whom and when did Plaintiff complain about the tightness of the handcuffs?
7. Does Plaintiff have permanent scarring such that her handcuff-related injuries amount to more than *de minimis* injury?

The first and second questions of fact are material to whether Defendants had probable cause to arrest Plaintiff and to whether statements in the arrest report and criminal complaint are false, in violation of Plaintiff's right to a fair trial.  The third question of fact is material to Plaintiff's false arrest and excessive force claims, particularly the identification of the individual responsible for her arrest and for the overly-tight handcuffs.  The fourth through seventh questions of fact are material to Plaintiff's excessive force claim.  In light of these questions of fact, summary judgment is inappropriate.

## II. Plaintiff's Denial of the Right to a Fair Trial Claim Does Not Fail as a Matter of Law

Although extensive legal analysis is unwarranted as to the bulk of Plaintiff's claims, the Court will discuss the legal framework for assessing her claim that she was denied a fair trial.

A person is denied the right to a fair trial when "an investigating official provides to the prosecutor fabricated evidence that is likely to influence a jury's decision, and the plaintiff suffers a deprivation of liberty as a result." *Perez v. Duran*, 962 F. Supp. 2d 533, 543 (S.D.N.Y. 2013) (quoting *Jovanovic v. City of N.Y.*, 486 F. App'x 149, 152 (2d Cir. 2012) (summary order)) (alterations omitted). "A plaintiff need not have proceeded to a full trial on the merits in order to have an actionable section 1983 claim based on the denial of a fair trial." *Marom v. City of New York*, No. 15-CV-2017 (PKC), 2016 WL 916424, at *9 (S.D.N.Y. Mar. 7, 2016) (citing *Ricciuti v. New York City Transit Authority*, 124 F.3d 123, 127 (2d Cir. 1997); *Canario v. City of New York*, 05 CIV 9343 (LBS), 2006 WL 2015651, at *1 (S.D.N.Y. July 12, 2006)). "[T]he claim accrues when the officer forwards the false information to the prosecutors." *Garnett v. Undercover Officer C0039*, No. 1:13-CV-7083 (GHW), 2015 WL 1539044, at *4 (S.D.N.Y. Apr. 6, 2015).

Defendants argue that Plaintiff's denial of the right to a fair trial claim fails as a matter of law because: (1) the claim is vague and conclusory; (2) the claim is duplicative of and subsumed by Plaintiff's false arrest claim; and (3) Plaintiff cannot prove that the allegedly false information deprived her of liberty. Defs.' Mem. at 30-33 (Dkt. 58). These arguments fail.

Plaintiff's fair trial claim is not vague or conclusory. Plaintiff specifically alleges Officer Vazquez fabricated in the arrest report that she "intentionally obstruct[ed] and attempt[ed] to prevent the lawful arrest of her son . . . [and] also refuse[d] lawful orders to step back during the arrest." Pl.'s Opp. 16 (citing Aribakan Decl. Ex. L at 1). That fabricated information was repeated in the criminal complaint, in which Officer Vazquez also fabricated that Plaintiff "pushed PO Gurr." *Id.* (citing Aribakan Decl. Ex. M at 1). These allegations are adequate and serve to distinguish this case from the cases cited by Defendants. In *Lewis v. New York City*, the

6

court found the plaintiff did "not allege any facts concerning the form or substance of the evidence or information he claims Defendant Officers fabricated." No. 12-CV-2836 (RRM) (RML), 2013 WL 6816615, at *9 (E.D.N.Y. Dec. 24, 2013), *aff'd*, 591 F. App'x 21 (2d Cir. 2015). Similarly, in *Waddlington v. City of New York*, the plaintiff merely highlighted inconsistencies in the defendant officers' testimony, but did not "allege[ ] with specificity what false information [the officers] created or forwarded to the DA's office." 971 F. Supp. 2d 286, 297 (E.D.N.Y. 2013). By contrast, here Plaintiff claims specific sentences in specific documents were intentionally falsified by Officer Vazquez.

Plaintiff's fair trial claim is not duplicative of her false arrest claim. The Second Circuit allows claims to proceed under both false arrest and denial of the right to a fair trial theories even when the claims share a factual basis. *See Betts v. Shearman*, No. 12 CIV. 3195 (JPO), 2013 WL 311124, at *13 (S.D.N.Y. Jan. 24, 2013) ("[Plaintiff] may bring a right to a fair trial claim alongside [her] other § 1983 claims without suffering summary dismissal as a matter of law."), *aff'd*, 751 F.3d 78 (2d Cir. 2014); *Nibbs v. City of New York*, 800 F. Supp. 2d 574, 575-76 (S.D.N.Y. 2011) (considering a fair trial claim as a "separate and distinct cause of action" from false arrest and malicious prosecution claims arising from the same factual allegations (citing *Ricciuti*, 124 F. 3d at 130)).[5]

The explicit textual source doctrine also does not create a bar to Plaintiff's fair trial claim. Under the explicit textual source doctrine, a substantive due process claim cannot be asserted pursuant to § 1983 if there is a specific Constitutional basis for the claim; courts will merge a

---

[5] Defendants cite *Hewitt v. City of New York*, No. 09 CV 214 (RJD)(MDG), 2012 WL 4503277 (E.D.N.Y. Sept. 28, 2012), *aff'd*, 544 F. App'x 24 (2d Cir. 2013), to support their argument that Plaintiff's fair trial claim should be dismissed as duplicative. Defs.' Mem. at 31. In that case, however, there was no genuine issue of material fact whether the Defendants had fabricated evidence, *Hewitt*, 2012 WL 4503277 at *10, and there was, consequently, no reason to analyze the circumstances under which a false arrest claim will be duplicative of a fair trial claim.

7

substantive due process claim with a claim brought under a specific Constitutional Amendment if the claims arise from the same facts. *See Wright v. Orleans Cty.*, No. 14-CV-00622A(F), 2015 WL 5316410, at *12 (W.D.N.Y. Sept. 10, 2015) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." (citing *Albright v. Oliver,* 510 U.S. 266, 273 (1994))); *see also Maliha v. Faluotico*, 286 F. App'x 742, 744 (2d Cir. 2008); *Zahrey v. City of New York*, No. 98-CIV-4546 (DCP) (JCF), 2009 WL 1024261, at *9 (S.D.N.Y. April 15, 2009).

The Second Circuit construes a claim of denial of a right to fair trial as a procedural, not substantive, due process claim. *See Jean-Laurent v. Bowman*, No. 12 CV 2954 (KAM) (LB), 2014 WL 4662221, at *12 (E.D.N.Y. July 7, 2014), *adopted by* No. 12-CV-2954 (KAM) (LB), 2014 WL 4662232 (E.D.N.Y. Sept. 18, 2014) ("Courts in this circuit have characterized this type of fabrication of the evidence claim as a procedural rather than substantive due process claim."); *see also Gallimore v. Feliciano*, No. 14-CV-1519 (NSR) (LMS), 2015 WL 3856694, at *8 (S.D.N.Y. June 19, 2015) ("Defendants quibble over the correct constitutional source of this claim, but that is no basis in itself for dismissal."). Because Plaintiff brings her fair trial claim under the Fifth and Sixth Amendments, not substantive due process, *see* Third Amended Compl. at ¶ 52, her fair trial claim is not subsumed by her false arrest claim under the explicit textual source doctrine.

Finally, Defendants argue that the allegedly false information did not deprive Plaintiff of her liberty because the criminal complaint and arrest report are inadmissible evidence. Defs.' Mem. at 32-33. Moreover, Defendants contend that because the only other avenue by which the allegedly false information could have reached the jury would have been through the officers'

testimony, which is granted absolute immunity, Plaintiff's fair trial claim fails. Defs.' Mem. at 24. Defendants' argument conflates the causation and materiality elements of a fair trial claim. *See Soomro v. City of New York*, No. 13CV0187 (LTS), 2016 WL 1266069, at *6 (S.D.N.Y. Mar. 30, 2016); *Garnett*, 2015 WL 1539044, at *9.

Plaintiff adequately pleads that the allegedly false information included in the arrest report and criminal complaint deprived her of liberty. In the context of a § 1983 claim, causation means a "consequential deprivation of liberty." *Soomro*, 2016 WL 1266069, at *6. The Plaintiff does not have to have been convicted or suffer a post-conviction deprivation of liberty in order to state a valid § 1983 claim; fabrication of evidence leading to pre-trial detention can satisfy the causation element for a fair trial claim. *Id.* at *5 (citing *Ricciuti*, 124 F.3d at 130; *Jean-Laurent*, 2014 WL 4662232, at *3 n.1). Here, Plaintiff was detained overnight, and the allegedly false information included in her arrest report and criminal complaint was the basis for her being detained pending arraignment. Accordingly, Plaintiff's detention, albeit brief, satisfies the requirement that there be a deprivation of liberty.

Plaintiff also adequately pleads that the allegedly false information included in the arrest report and criminal complaint was material – that is, it would have been likely to influence a jury. The fact that the allegedly fabricated information was incorporated into documents that were not themselves admissible (a criminal complaint and an arrest report) is of no moment. *Id.* at *6 ("[T]he fact that allegedly fabricated evidence would be inadmissible at trial by itself is not a bar to the claim."); *see Marom v. City of New York*, No. 15-CV-2017, slip op. at 4 (S.D.N.Y. July 29, 2016) (reinstating plaintiff's fair trial claims on a Motion for Reconsideration and holding that materiality does not require admissible evidence); *Buie v. City of New York*, No. 12 CV 4390 (RJD) (CLP), 2015 WL 6620230, at *11 (E.D.N.Y. Oct. 30, 2015) (holding false

information in a criminal complaint could form the basis of a § 1983 denial of a right to fair trial claim, even though the complaint was inadmissible and the allegedly fabricated evidence could only otherwise reach the jury through defendants' immunity-cloaked testimony). The cloak of immunity that protects an officer's testimony does not extend to *"all* activity that a witness conducts outside of the [court] room." *Garnett*, 2014 WL 3950904, at *13 (citation omitted). Both the Supreme Court and the Second Circuit have circumvented "the Scylla and Charybdis" of inadmissibility and immunity by allowing a § 1983 cause of action to proceed based on allegations of false "affidavits, . . . police reports, statements to the district attorney, and police radio transmissions." *Rucks v. City of New York*, 96 F. Supp. 3d 138, 150 (S.D.N.Y. 2015) (citing *Rehberg v. Paulk*, 132 S. Ct. 1497, 1507 n.1 (2012); *Coggins v. Buonora*, 776 F.3d 108, 113 (2d Cir. 2015)) (internal quotation marks omitted). When "the allegedly false statements . . . were the very heart of the obstruction of governmental administration charge on which plaintiff was arrested and detained overnight," as in this case, a plaintiff can bring a § 1983 claim for denial of a fair trial even though the false information is contained in a document that would have been inadmissible at trial – so long as the fabricated information would have likely influenced a jury if it had been admitted. *Buie*, 2015 WL 6620230, at *11.

In short, Plaintiff's § 1983 claim for denial of a right to fair trial does not fail as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is DENIED. The Clerk of Court is respectfully requested to close docket entry 57.

The parties must appear for a status conference on **August 26, 2016**, **at 10:00 a.m.** in courtroom 443 of the Thurgood Marshall Courthouse. No later than **August 19, 2016**, the parties

must submit a joint letter to the Court addressing the prospect for settlement, including whether the parties would like a referral to the Magistrate Judge for a settlement conference, and the anticipated length of the trial. The parties must come to the conference prepared to discuss potential trial dates in December 2016.

**SO ORDERED.**

Date: August 8, 2016
     New York, New York

**VALERIE CAPRONI**
**United States District Judge**